The opinion of the court was delivered by
Nevtus, J.
This case presents two questions for consideration. 1st. Are these offices incompatible with each other, or can they subsist in one and the same person at the same time. 2dly. If incompatible, is the acceptance of the office of Attorney General a surrender of that of Prosecutor ? As to the first question : there is no express provision, either in the late or present constitution of this state, nor any legislative enactment declaring these offices incompatible; yet it does not follow, for that reason, that they are not so. There are many cases, where two offices cannot be held by the same person ; although neither the constitution, nor the statutes have provided against it. Where there is no express *690 provision, the true test is, whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them. Offices, says Bacon, are incompatible or inconsistent, when they cannot be executed by the same person ; or when they cannot be executed with care, and ability or where one is subordinate to, or interferes with another, Bac. Abr. Tit. “ Office ” K. Or where one office is under the control of another, Com. Dig. Tit. “ Office.” A town clerk, made mayor, and accepting the office, ceases to be town clerk; as the one office is subordinate to the other ; and where a coroner is made sheriff he ceases to be coroner, Bac. Abr. So where a master in Chancery is appointed Chancellor, I apprehend he ceases to be master; because the Chancellor has a control over his masters. The counsel has cited one or more instances, where these latter offices were in fact exercised by the same person ; but the question in those cases does not seem to have been raised, or submitted for judicial decision. They are cases therefore of no authority.
Let this case be tested by the principles I have cited The Attorney General and Prosecutor of the Pleas for the respective counties in this State, are officers recognized by the constitution and laws. The former is the law officer of the state, with power to prosecute the criminal pleas in every county; whilst the power of the latter is confined to the county, for which he is appointed. Previous to the year 1812, the practice was for the Attorney General to prosecute the pleas in those counties, where he did not attend in person, by deputies of his own appointment, who held their respective offices during his pleasure. In that year an act was passed, reciting that doubts had arisen respecting his power to appoint deputies; and authorizing him to make such appointments in those counties, where he might be unable in‘person to attend^ and imposing upon deputies so appointed, an oath for the faithful execution of their offices. In 1822 the legislature vested the appointment of Prosecutors for the respective counties, in the Justices of the peace of each county. In the following year, an act was passed, providing that the Legislative Council and General Assembly, in Joint Meeting, should appoint a prosecutor for each county, to perform the duties of the Attorney General in such county, in case of his absence. It was *691 under this act, that the appointment of the defendant was made, in January 1844. From the tenor of this act, it is manifest that the legislature intended, that besides the office of Attorney General, whose right to prosecute the pleas extended to every county, there should be a prosecutor for each county ; but that the latter officer was not to interfere, either with the right or duty of the Attorney General to prosecute, when he was personally present. I take the true construction of this act to be, that the prosecution of the criminal pleas in the several counties shall be conducted by, and in the name of the Attorney General, when he is personally present, and not by the prosecutors. Although the latter are not the deputies of the Attorney General, as they do not derive their appointments or authority from him, nor are they accountable to him for the faithful performance of their duties, nor removable at his will; yet his official duties are the same, as of deputies appointed under the act of 1812; and in the exercise of those duties and the enjoyment of the emoluments of their office, they are under the control of the Attorney General, whenever it is his pleasure to attend in person. The office of Prosecutor then is a subordinate office to that of Attorney General ; and its exercise to a certain extent under his control; and it cannot therefore exist with the other, in the same person at the same time. If it were so, it would defeat the design of the legislature ; who clearly intended, that in addition to the services of the Attorney General, as occasion might require, each county should be entitled to the services of a public prosecutor.
If these offices then are incompatible, as I take them to be, it remains for us to inquire, whether the defendant’s acceptance of that of Attorney General is a legal surrender or avoidance of the other. The general principle undoubtedly is, that the acceptance of a higher incompatible office, ipso facto, vacates the inferior one, if held by the same person. Com. Dig. Tit. “ Office.” And in Milward v. Thatcher, 2 Term R. 81, it was adjudged, that the acceptance of an inferior office was a surrender of the superior. And the same doctrine is laid down by C. J. Kirkpatrick, in the State v. Parkhurst, 4 Hal. R. 427; and, as appears by a note to the case, it was unanimously affirmed by the Court of Errors. But the counsel for the defendant, not denying the rule, insists that it is applicable only where the offices emanate *692 from the same appointing power; and that it cannot apply in this case, for the one office was conferred by the legislature in Joint meeting, and the other by the governor. And in support of this we are referred to the case of Rex v. Patteson, 4 B. & A. 12. There the defendant was an Alderman, and ex offieio a Justice, and was afterwards appointed Treasurer of the county, which latter office he accepted, without formally resigning the other. The court said the offices were incompatible ; but that the mere acceptance of that of Treasurer’, did not vacate that of Alderman and Justice; that there should be a resignation made to the corporation, and their assent to it. They doubted whether the general proposition, that the acceptance of an incompatible office absolutely avoids the former, could under all circumstances be supported; and expressed the opinion, that such acceptance did not operate as an absolute surrender, in cases where the concurrence of another authority was required to a resignation; unless that authority was privy, and consenting, to the second appointment. It is to be inferred from this ease, that the two offices had been conferred by two different authorities, which led the court to qualify the general rule. But in the case under consideration, both appointments emanated from the state; the first was conferred by the legislature, then in session; and the second by the Governor, during the recess of the legislature, and to fill a vacancy. Both were conferred and held under the authority of the state — one and the same authority — differing only in the form of appointment. If we adopt the rule then, as laid down in Rex v. Patteson, no formal resignation of the office of Prosecutor was necessary to avoid the office; but the acceptance of the Attorney Generalship was in itself, an avoidance of it. In the opinion already referred to in The State v. Parkhurst, it is held that no formal resignation of an office, held under Joint meeting, is necessary.
Upon both questions therefore I am of opinion that judgment should be rendered against the defendant.

Judgment against the defendant.

Whitei-iead and Randolph, J. J. concurred. Hornbloaver, C. J., and Carpenter, J. did not hear the argument, and expressed no opinion.
Cited in State v. Gummersal, 4 Zab. 531; Atty. Genl. v. Del. & B. B. R. R. Co., 9 Vr. 285.