BENJAMIN B. WESTCOTT, RELATOR, v. JACKSON W. BRIANT, RESPONDENT.

Argued February 18, 1909—Decided June 7, 1909.

The offices of under-sheriff and chosen freeholder are, under "An act concerning sheriffs" (*Gen. Stat.*, *p.* 3110), incompatible, and the appointment and qualification to the office of under-sheriff of a person holding the office of chosen freeholder annuls his commission for the latter office.

On *quo warranto*.

Before Justices GARRISON, BERGEN and VOORHEES.

For the relator, *French & Richards* and *Lewis Starr*

For the respondent, *John W. Wescott.*

The opinion of the court was delivered by

BERGEN, J.    The relator was, in November, 1907, elected a chosen freeholder of the county of Salem, from one of the wards of the city of Salem, for a term of three years, commencing January 1st, 1908.    He accepted the office, and on November 10th, 1908, while acting as such chosen freeholder, was appointed under-sheriff of the county of Salem by the sheriff of that county, and, having qualified, assumed the performance of the duties of the office to which he had been appointed.    The common council of the city of Salem, having determined that the acceptance of the latter office disqualified the relator from serving as chosen freeholder, and that a vacancy in the office was thereby created,

elected the respondent to fill such vacant office until the general election to be held in 1909. The board of chosen freeholders of the county, having recognized such election as lawful, admitted the respondent to its membership, and he is now in possession of the office and performing the duties of chosen freeholder of the county. The relator instituted *quo warranto* proceedings to test the validity of the appointment of the respondent, who interposed a plea to the information in the *quo warranto* proceedings, in which, after stating the facts, he averred that the two offices were incompatible, and that under the statute prohibiting a sheriff from holding any other civil office, the office of chosen freeholder became vacant upon the acceptance by relator of the office of under-sheriff. To this plea the relator demurred, and the question presented here is the legal sufficiency of that plea.

Section 36 of the statute concerning sheriffs (*Gen. Stat., p.* 3118), declares "that no person shall exercise any other civil office during the time that he holds and exercises the office of a sheriff, and that by acceptance of the latter office, his commission for any other civil office shall be null and void." The claim of the relator is that this statute is limited to the sheriff and does not apply to a person holding and exercising the office of under-sheriff. The relator also urges that the offices of chosen freeholder and under-sheriff are not incompatible, and that the same person may legally hold and exercise the functions of both offices. We have no statute providing for the appointment of an under-sheriff, but the ancient and well-established right of a sheriff to make such appointments is recognized in section 41 of the act relating to sheriffs (*Gen. Stat., p.* 3119), which requires the appointment, when made, to be in writing under the hand and seal of the sheriff, and the filing of an oath by the appointee before he intermeddles with the office. The power of the sheriff to appoint an under-sheriff, although not expressly granted by law, has been so long exercised that it has become one of the accepted prerogatives of his office. In *Bacon's Abridgment,* under the title "Sheriff," it is said: "Although the King by his letters

patent granteth to the sheriff *custodiam comitatus,* without any express words to make a deputy, yet hath the sheriff power to make a deputy or under sheriff who may execute all the ministerial parts of the office; for experience, says my Lord Hobart, proves that many sheriffs cannot execute it themselves; from the antiquity, therefore, and the necessity of this office, the law takes notice of him, and on his being appointed the law implicitly gives him power to execute all the ordinary offices of the sheriff himself that can be transferred by law." It would thus appear that our statute in regulating the method of appointing an under-sheriff recognizes the office, and the right as well as the duty of its incumbent to execute all the ordinary offices of the sheriff. An under-sheriff is a public officer, who, by virtue of his appointment in the manner provided by our statute, is empowered to perform the ordinary duties of the office. *Meyer* v. *Bishop,* 12 *C. E. Gr.* 141, 142.

We are of opinion that an under-sheriff is "a person who holds and exercises the office of a sheriff" within the meaning of section 36 of the act above mentioned. The evil which the act is aimed at would never be reached if the sheriff can delegate the exercise of the ordinary offices of a sheriff to one not subject to the restrictions imposed upon a person who holds and exercises the office of a sheriff. The legislature has specifically provided that the office of sheriff and *any* other civil office are incompatible, and the sheriff cannot remove the inconsistency by appointing a person to do the very thing which the law prohibits him from doing. If this be not so, then the person holding the office of sheriff could, through his official *alter ego,* exercise the office of sheriff in contravention to the legislative policy concerning it.

The demurrer to the plea of the respondent is overruled.