J. RUSSELL DOYLE, PLAINTIFF, v. COUNTY OF WARREN, DEFENDANT.

Decided May 17, 1937.

For the plaintiff, *Saul N. Schechter.*

For the defendant, *John H. Pursel.*

LAWRENCE, C. C. J. Plaintiff seeks in this suit to recover of defendant the balance of his statutory salary as sheriff of the county of Warren, amounting to $930.41, alleging that it was illegally deducted during his term by the board of chosen freeholders under an unconstitutional statute, and against his protest. The matter was submitted to the court, without a jury, on a stipulation of facts.

He was duly elected sheriff of the county on November 8th, 1932, qualified on November 15th, following, and served until November 12th, 1935, when his term expired. The annual salary provided by law at the time of his election was $3,500. *Pamph. L.* 1927, *p.* 389, based on the federal census of 1920, which disclosed the population of the county then to be forty-five thousand and fifty-seven (see *Legislative Manual of 1937, p.* 225). The census of that year rather than that of 1930 controlled, because the legislature so ordained in *Pamph. L.* 1931, *ch.* 271, *p.* 681; *N. J. Stat. Annual* 1931, § 48-*420M.

The law required the payment of the salary by the county in equal semi-monthly installments. These payments were made, pursuant to resolution of the board of chosen freeholders, until March 15th, 1933, from which date to November 12th, 1935, the board, by resolution, caused ten per cent. to be deducted from the stated salary, by virtue of "An act respecting the salaries or compensation of officers and employes of and persons holding positions under the government of this state, whose salaries or compensation are paid

by counties or municipalities," approved February 4th, 1933. *Pamph. L.* 1933, *ch.* 17, *p.* 32; *N. J. Stat. Annual* 1933, § *136-1320A(10), and the amendments; *Pamph. L.* 1933, *ch.* 446, *p.* 1244; *N. J. Stat. Annual* 1934, § *136-1320A (10), and *Pamph. L.* 1935, *ch.* 3, *p.* 13; *N. J. Stat. Annual* 1935, § *136-1320A(10). The deductions so made aggregate the amount here involved.

At the time of plaintiff's election as sheriff the act of 1927 fixing the annual salary at $3,500 in counties having a population of less than forty-eight thousand, on the basis of the federal census of 1920, included in the classification not only Warren but six other counties in the state, and it is urged in behalf of plaintiff that the delegation of power by the legislature to the board of chosen freeholders in the original act and the amendments was without constitutional sanction and in violation of article IV, section 8, paragraph 11, inhibiting the legislature from passing private, local or special laws regulating the internal affairs of towns and counties and (among other things) creating, increasing or decreasing the percentage or allowance of public officers during the term for which said officers were elected or appointed. The argument is, of course, made to rest on the decision of the Court of Errors and Appeals in the case of *Delmar* v. *Bergen County,* 117 *N. J. L.* 377; 189 *Atl. Rep.* 75, in which the act in question was held unconstitutional for that reason as to a Common Pleas judge and inferentially as to a county prosecutor.

The conclusion in the cited case was that the act was special and not general and a delegation of discretionary power not permitted by the fundamental law of the state. It was also said that no precedent had been found for such legislation, doubtless because the law making body had invariably exercised the power, through the medium of general laws, of determining the annual salaries of Common Pleas judges and prosecutors of the Pleas, even though paid by the counties, on the rational basis of population, to which, it may be said, sheriffs may also be added, as they are recognized constitutional officers (see state constitution as amended, article VII, section 2 paragraph 6) and their salaries have likewise been provided for by general laws of like character.

Counsel for defendant suggests, however, that there is a

distinction between a public officer, such as a sheriff elected by the people in a county, and a Common Pleas judge or a prosecutor appointed to serve in a county by the governor, with the advice and consent of the state senate. But what the distinction is is not pointed out. As a matter of fact the constitutional provision here invoked prohibits private, local or special laws increasing or decreasing the percentage or allowance of public officers during the term for which they were elected or appointed. It may also be said that the evidence of the authority of the sheriff to act, after his election, is a commission issued to him by the governor. It is sufficiently clear that a sheriff, although chosen by the voters to serve in a county, is a public officer in the state government. The duties he performs include services rendered not alone to the inhabitants of the county, but to the people of the state as well.

Finally, counsel for defendant argues that plaintiff is now estopped from recovering, because he accepted the salary checks issued to him semi-monthly, after the deductions had been made. The stipulation indicates, however, that he did so under protest. Even though he had agreed, it would seem that he would not have been bound. Public policy would intervene. It is so indicated in *Geddis* v. *Westside National Bank,* 7 *N. J. Mis. R.* 245; 145 *Atl. Rep.* 731; *S. C.,* 106 *N. J. L.* 238; 148 *Atl. Rep.* 917, and in *Kip* v. *Peoples Bank and Trust Co.,* 110 *N. J. L.* 178; 164 *Atl. Rep.* 253; the holding apparently being that the amount of the compensation of a public officer as fixed by law may not be changed by agreement. It is to be observed, though, that the controlling factor here is that the original act and the amendments run counter to the constitutional prohibition and must be regarded as void and of no effect from the date of enactment. *Delmar* v. *Bergen County, supra.* The principle will also be found discussed in *Hyman* v. *Long Branch Kennel Club, Inc.,* 115 *N. J. L.* 123; 179 *Atl. Rep.* 105.

It follows that plaintiff was entitled to receive the full statutory salary during his term of office, without deductions.

Judgment may accordingly be entered in favor of plaintiff and against defendant for $930.41. No interest or costs will be allowed.