JOHN WARREN, PLAINTIFF-RESPONDENT, v. COUNTY OF HUDSON, DEFENDANT-APPELLANT.

JOHN WARREN, PLAINTIFF-RESPONDENT, v. COUNTY OF HUDSON, DEFENDANT-APPELLANT.

EUGENE T. SHARKEY, PLAINTIFF-RESPONDENT, v. COUNTY OF HUDSON, DEFENDANT-APPELLANT.

Argued October 16, 1946—Decided January 17, 1947.

For the appellant, *J. Emil Walscheid* and *Thomas J. Armstrong.*

For the respondents, *John Warren, pro se,* and *Eugene T. Sharkey,* also *pro se.*

The opinion of the court was delivered by

HEHER, J.   The respondent Warren seeks recovery (a) of $3,500 for legal services rendered by him as a Special Assist-

ant Attorney-General, under appointment of the Attorney-General, to the Hudson County Board of Taxation, in *mandamus* proceedings instituted to secure possession of its office and records, and "necessary expenses in connection with such legal services" amounting to $275.26, and (b) of $1,500 for legal services furnished by him to that body in the same capacity, in a *certiorari* suit brought by one Vanderbach to review a certain proceeding of the board, and expenses in connection therewith totaling $34.03; and respondent Sharkey sues to recover $1,500 for services rendered the board in the latter suit, also as a Special Assistant Attorney-General appointed by the Attorney-General.

The answers interposed by the county were struck out as sham in part and frivolous in part, and final judgment was entered for the plaintiff in each action for the total sum thus claimed. The judgments were affirmed by the Supreme Court; and the county appeals.

The several appointments of respondents as special counsel were made by the Attorney-General, at the instance of the county board of taxation, under the purported authority of *R. S.* 52:17–9; and the initial inquiry is whether a county board of taxation is comprehended by the terms "state board, commission, body or official" as they are used in the statute. We think it is.

As pointed out by Judge Roberson, the county boards of taxation are an integral part of the state tax system, and as such their status is necessarily that of state agencies having specific functions in the administration of a system for the assessment and collection of taxes, according to true value, that must have the constitutional attributes of equality and uniformity. State Constitution, article IV, section VII, paragraph 12; *R. S.* 54:3–1, 54:3–13, *et seq.* The members of these boards are appointed by the Governor for a fixed term, by and with the advice and consent of the Senate. *R. S.* 54:3–2; 54:3–3. Their salaries are paid out of the State Treasury, although this is not, in itself, a determinative circumstance. *R. S.* 54:3–6. And they are removable by the Governor for neglect or refusal to comply with the constitution and laws of the state. *R. S.* 54:3–28.

A county board of taxation is just as much a state agency, and its members state officers, as the county prosecutors of the pleas and the judges and clerks of the several District Courts of this state are state officers. *State* v. *Jefferson*, 90 *N. J. L.* 507; *Pierson* v. *O'Connor*, 54 *Id.* 36; *Wilson* v. *District Court*, 93 *Id.* 103; *affirmed*, 95 *Id.* 265. While these boards of taxation exercise a jurisdiction that is confined within definite territorial limits, their duties concern the state at large in a governmental field of major importance. They are in no sense engaged in municipal administration; their functions, although perhaps in some part administrative, are largely *quasi*-judicial, for the enforcement of the state's general tax policy.

*R. S.* 52:17–9, *supra*, also empowers the Attorney-General "in conjunction with such state board, commission, body or official," to "fix the compensation of such special counsel." There was such conjunctive action here; and the joint finding thus made is conclusive of the propriety and *quantum* of the allowance, and thus is dispositive of most of the grounds of challenge now interposed. Since the appointments of respondents as special counsel were made in the valid exercise of the statutory power, the joint action fixing their compensation is immune from collateral attack. The principle of the cases of *Lindabury* v. *Board of Chosen Freeholders of Ocean County*, 47 *N. J. L.* 417, and *Van Emburgh* v. *Freeholders of Bergen*, 87 *Id.* 637, is apposite here. The statute makes mandatory the payment of the compensation so fixed, together with the necessary traveling or other expenses, "out of the funds appropriated to the use of such state board, commission, body or official." Hence, the payment of the compensation, when settled according to the statute, does not rest in the discretion of the municipality where, as here, it has moneys appropriated to the use of the state body to whom the service is rendered. We have no occasion to consider what may be its obligation, if any, where there is no existent appropriation. The fixation of compensation for such officers, under the statute, is a *quasi*-judicial function calling for the exercise of judgment and discretion; and it would seem that the action is subject to direct attack on *certiorari*, and cor-

rectible if it constitutes a misuse or abuse of the statutory authority, just as in the case of an assessment of property for the purposes of taxation, although there are now statutory intermediate appellate tribunals whose jurisdiction ordinarily must first be exhausted. Compare *Carron* v. *Martin,* 26 *Id.* 594; *State, Poulson, Pros.,* v. *Matthews,* 40 *Id.* 268; *City of Newark* v. *State Board of Equalization of Taxes,* 81 *Id.* 416; *Philadelphia and Reading Railway Co.* v. *Woodbridge Township,* 91 *Id.* 180; *Kearny* v. *State Board of Taxes and Assessments,* 103 *Id.* 26; *affirmed, Id.* 699. But there is no need to pursue that inquiry.

Of course, what has been said does not apply to the expenses incurred by such officers, for the statute does not include within the sphere of the joint action a determination of the propriety of the claimed expenses. However, the affidavits reveal no issue of fact in this regard, and the judgment in this particular is unassailable.

It suffices to add that, as to the power of a succeeding Attorney-General to exercise the conjunctive authority to fix compensation where the appointment of the special counsel was made by his predecessor, and this had not been done before the expiration of the latter's term, the provision of the statute that the appointment shall continue during the pleasure of the Attorney-General making the appointment, but not beyond the term for which the latter is commissioned, has reference to tenure merely and not to compensation.

And, as stated, there was an available appropriation for the payment of the compensation allowed and the expenses. The contention *contra* is unfounded. The funds appropriated to the use of the tax board were more than ample to cover the judgments. If additional moneys were needed for other purposes, an emergency appropriation would have afforded the remedy. *R. S.* 40:2–31.

Let the judgments be affirmed.

*For affirmance*—BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 13.

*For reversal*—None.