31 N.J. Super. 474 (1954)
107 A.2d 68
FRANK S. DeFEO, PLAINTIFF,
v.
ALBERT S. SMITH, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 6, 1954.
*475 Mr. Josiah E. DuBois, Jr., attorney for the plaintiff, for the motion.
Mr. Martin Bloom, attorney for the defendant, opposed.
WOODS, J.S.C.
Both parties litigant are in accord as to the facts in this matter and the decision on the motion will be dispositive of the case. The plaintiff is a resident, citizen and taxpayer of Atlantic County and he brings this action in lieu of prerogative writ alleging that the defendant presently holds two incompatible offices in the County of Atlantic. On December 4, 1953, defendant was appointed a member of the county board of taxation and his appointment was approved by the Senate on December 7, 1953. He was chosen president of the county board of taxation on December 11, 1953. Defendant is also presently serving as Director of the Board of Chosen Freeholders of Atlantic County since January 2, 1954. He first became a member of the board of chosen freeholders by election from the Second Ward of the City of Brigantine, Atlantic County, in November, 1951. On December 18, 1953, the Board of Commissioners of the City of *476 Brigantine adopted a resolution appointing Smith as freeholder "to fill the unexpired term, if any, of said office of Chosen Freeholder, as provided by law."
The plaintiff contends that on the basis of these undisputed facts, he is entitled to judgment as a matter of law for the reason that the office of chosen freeholder and the office of a member of the county board of taxation are incompatible offices; that by defendant's acceptance of the December 4, 1953 appointment to the county board of taxation, he ipso facto vacated his office as a member of the county board of chosen freeholders and that by his subsequent acceptance of December 18, 1953 appointment as a chosen freeholder, he in turn vacated the office of member of the county board of taxation.
Are these two offices incompatible with each other, or can they subsist in one and the same person at the same time?
In one of the earliest cases in New Jersey dealing with the holding by one person of incompatible offices  State v. Jabez Parkhurst (1802), reported in the Appendix to 9 N.J.L., Chief Justice Kirkpatrick stated:
"Certain offices are in their own nature incompatible and inconsistent, and cannot be exercised by the same person at the same time. Certain other offices which might be fully executed by the same person at the same time, upon considerations of policy may be rendered incompatible by positive law."
A diligent search of the Constitution and the statutes reveals that there is no positive law declaring these two particular offices of freeholder and a member of the county tax board incompatible. The only constitutional prohibitions to dual-office holding are found in the following Articles:
Article 4, Section 5, paragraph 4: "No member of Congress, no person holding any Federal or State office or position, of profit, and no judge of any court shall be entitled to a seat in the Legislature."
Article 6, Section 6, paragraph 7: "The Justices of the Supreme Court, the Judges of the Superior Court and the Judges of the County Courts shall hold no other office or position, of profit, under this *477 State or the United States. Any such Justice or Judge who shall become a candidate for an elective public office shall thereby forfeit his judicial office."
The statutory prohibitions are found in R.S. 19:3-5:
"No person shall hold at the same time more than one of the following offices: elector of president and vice president of the United States, member of the United States senate, member of the house of representatives of the United States, member of the senate or of the general assembly of this state, county clerk, register, surrogate, sheriff or coroner.

* * * * * * * *
"No person shall be elected a member of the house of representatives, or an elector of president and vice president who shall hold any office of trust or profit under the United States."
and in R.S. 40:21-1:
"No member of the board of chosen freeholders shall, during the term for which he is elected, be eligible for election or appointment to any office or position required to be filled by the board unless he shall resign and cease to be a member of the board three months prior to his election or appointment. This restriction shall not apply to any office or position required by law to be filled by a member of the board of chosen freeholders, nor to the appointment of a member of the board of chosen freeholders to the position of county counsel or county treasurer."
None of these prohibitions are applicable to the offices held by the defendant.
Therefore, the determination of the question rests entirely upon the common law.
The test laid down by Lord Coke, 4 Inst. 100, and applied since that time to all such matters, is as follows:
"Offices are said to be incompatible or inconsistent, when from the nature or multiplicity of business in them they cannot be executed with care and ability by the same person at the same time."
Justice Nevius, in the case of the State ex rel. Clawson v. Thompson, 20 N.J.L. 689 (Sup. Ct. 1846), in rendering the decision of the court said:
*478 "Where there is no express provision, the true test is, whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them. Offices, says Bacon, are incompatible or inconsistent, when they cannot be executed by the same person; or when they cannot be executed with care, and ability; or where there is one subordinate to, or interferes with another. Bac. Abr. Tit. `Office' K. Or where one office is under the control of another, Com. Dig. Tit. `Office.'"
And we refer to Kobylarz v. Mercer, 130 N.J.L. 44 (E. & A. 1943), where Justice Heher stated:
"For the resolution of the question, we must needs have recourse to the reason and spirit of the common law rule against the holding of incompatible offices. Dual officeholding, as such, is not forbidden by the common law. Incompatibility is an essential ingredient of the doctrine. The principle is grounded in public policy. It has reference to inconsistency of nature, duty, or function which, from considerations of sound policy, cannot be lodged in one and the same functionary at one and the same time, rather than mere physical inability to render a personal discharge of the obligations of both offices. State, ex rel. Clawson v. Thompson, supra; Howard v. Harrington, 114 Me. 443; 96 Atl. Rep. 769, L.R.A. 1917A, 211; Bryan v. Cattell, 15 Iowa 538; 46 C.J. 941; 42 Am. Jur. 926, 935, et seq. One may not, because of the hazard of injury to the public service, contemporaneously function in two official capacities involving conflicting duties, albeit the conflict arises on but rare occasions. Controlled by this principle, the question of incompatibility of necessity depends upon the circumstances of the individual case."
To this court it seems clear that the duties and obligations connected with or flowing out of each of the offices held by the defendant may be carried on and exercised by him without any laxity in duty or disloyalty to the public which he serves. The county board of chosen freeholders is the legislature of the county. It exercises the corporate powers of the county and has the management and control of county property and its financial interests. It has exclusive jurisdiction over all matters pertaining to county affairs. The mere fact that the county budget is prepared and adopted by the board of freeholders and the amount thereby required is submitted to the county board of taxation for apportionment in accordance with statutory directive, does not make *479 membership in the two boards incompatible. The county board of taxation is not subordinate to the board of chosen freeholders. While the county board of taxation exercises a jurisdiction that is confined within definite territorial limits, its duties concern the state at large in a government field of major importance. It is in no sense engaged in municipal administration; its function, although perhaps in some part administrative, is largely quasi-judicial, for the enforcement of the State's general tax policy. See Warren v. Hudson County, 23 N.J. Misc. 252 (Hudson County Court of Common Pleas, Jan., 1945), affirmed 135 N.J.L. 178 (E. & A. 1947). Its status is necessarily that of a state agency having specific functions in the administration of a system for the assessment and collection of taxes.
On the point of checks and balances made by the plaintiff, counsel for defendant has met this in paragraph 6 of the brief.
As to our declaring a vacancy, the court feels some basis of incompatibility concretely should be established or pointed out.
We conclude that the offices held by the defendant are not incompatible. The motion for summary judgment by the plaintiff is denied and the complaint filed herein is dismissed.
Judgment for the defendant.