139 N.J. Super. 314 (1976)
353 A.2d 562
THOMAS J. SHUSTED, CAMDEN COUNTY PROSECUTOR, PLAINTIFF,
v.
JOSEPH COYLE, DEFENDANT.
Superior Court of New Jersey, Law Division.
February 6, 1976.
*316 Mr. George J. Stillwell, Assistant Prosecutor, for plaintiff (Mr. Thomas J. Shusted, Camden County Prosecutor, attorney).
Mr. Alfred R. Pierce for defendant.
GRUCCIO, J.S.C.
The Prosecutor of Camden County brought this action in lieu of prerogative writs under N.J.S.A. 2A:81-17.2a3 and 4 to remove defendant Joseph Coyle from his office as Sheriff of Camden County for allegedly admitting to the commission of misdemeanors touching the administration of his office before a county grand jury. Defendant moved for a stay of the action pending the outcome of an indictment handed down by the grand jury alleging the same misdemeanors and in the alternative for a dismissal of the prerogative writ.
I have heretofore stayed the action on the writ due to a certain amount of media coverage that attended the institution of both the prerogative writ and criminal actions which may serve to adversely prejudice defendant's rights at his upcoming criminal trial. Since the motion to dismiss disposes of the matter before the court, we need not reach the numerous other complex issues raised by defendant's motion to stay.
Defendant argues that a sheriff may only be removed from office by impeachment, in accordance with our State's Constitution, and therefore any action in lieu of prerogative writs instituted to effect removal is inapposite. For the reasons that follow I concur in defendant's position.
N.J. Const. (1947), Art. VII, § II, par. 2, states that
County clerks, surrogates and sheriffs shall be elected by the people of their respective counties at general elections. The term of office of county clerks and surrogates shall be five years, and of sheriffs three years.
The office and term of sheriff are created and fixed by the Constitution making the sheriff a public officer in the *317 State Government even though chosen by voters to serve in the county. Doyle v. Warren County, 15 N.J. Misc. 434, 192 A. 390 (Cir. Ct. 1937). As such the sheriff is a constitutional officer whose office and term may be terminated by impeachment in accordance with Art. VII, § III, par. 1 of our Constitution, which reads as follows:
The Governor and all other State officers, while in office and for two years thereafter, shall be liable to impeachment for misdemeanor committed during their respective continuance in office.
I find that it was not the intention of the framers of our Constitution to allow for the removal of constitutional officers by actions in lieu of prerogative writs or otherwise. Our Constitution provides the sole remedy for the termination of the office and term of constitutional officers, that of impeachment, and none other shall stand in its stead save for resignation or death of the incumbent.
I do not hold today, however, that the remedy of impeachment shall be deemed exclusive of any other public remedy for the same misbehavior but rather that it shall be the sole remedy to effect removal from office. In In Re Mattera, 34 N.J. 259 (1961), the Supreme Court issued an order to show cause why a member of the bar and magistrate of the Wildwood Municipal Court should not be adjudged in contempt of the Supreme Court and be disbarred or otherwise disciplined on the basis of charges arising out of his conduct as a magistrate. In response to the argument that the constitutional remedy of impeachment by inference excludes any other public remedy for the same misbehavior, the court assumed arguendo that a magistrate is a state officer subject to impeachment and went on to cite State v. Jefferson, 90 N.J.L. 507 (E. & A. 1917), for the proposition that a conviction on impeachment under our Constitution affects only the right to hold office and was not intended to bar or delay another remedy for a public wrong. In support of this proposition the court cited N.J. Const. (1947), Art. VII, § III, par. 3, that "the person convicted [on impeachment] *318 shall nevertheless be liable to indictment * * *," and went on to say, "the phrase we have quoted was included to prevent a plea that conviction on impeachment constituted a bar to a criminal prosecution rather than to condition or postpone the criminal remedy." 34 N.J. at 267.
However, in holding that the remedy of impeachment was not to be deemed exclusive of other remedies which the misbehavior would otherwise require to be exerted for the public good, the court stated (at 267) that, "[T]he remedies are not cumulative to vindicate a single interest, rather each is designed to deal with a separate need," and "that the remedy of impeachment has the single role we have stated," that of affecting "the right to hold office."
Similarly, in In re State Bar Ass'n, 114 N.J. Eq. 261 (E. & A. 1933), the court held that vice-chancellors are state civil officers and as such their removal is confided to the prerogatives of the Legislature by impeachment. See also, Winne v. Bergen Cty., 36 N.J. Super. 532 (Law Div. 1955).
The clear meaning of these cases stands that the remedy of impeachment, while not exclusive of other remedies exerted for the public good, is exclusive as the remedy to be exerted for the removal of a constitutional officer from office.
Therefore, defendant Coyle may only be removed from his office of sheriff pursuant to Art. VII, § III, par. 1, by impeachment, and as such the motion to dismiss the action in lieu of prerogative writs must be granted.