JOHN J. DEGNAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PETER F. CURCIO, DEFENDANT-APPELLANT, AND JOSEPH F. JOB, BERGEN COUNTY SHERIFF, AND STEPHEN CUCCIO, BERGEN COUNTY ADMINISTRATOR, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1979—Decided January 23, 1980.

Before Judges ALLCORN, MORGAN and HORN.

*Michael P. Ambrosio*, argued the cause for appellant (*Ambrosio & Ambrosio*, attorneys; *Gabriel M. Ambrosio* on the brief).

*M. Kathleen Duncan*, Deputy Attorney General, argued the cause for respondent (*John J. Degnan*, Attorney General, attorney; *Michael R. Cole*, Assistant Attorney General, of counsel).

The opinion of the majority was delivered by

HORN, J. A. D.

The issue in this case is whether *N.J.S.A.* 40A:9 108, which provides that "[n]o person shall hold any other civil office during the time he holds and exercises the office of sheriff  .      ." is applicable to an undersheriff.

The Attorney General, as plaintiff, initiated an action in lieu of prerogative writs in order to secure relief, on the thesis that said statute barred undersheriffs as well as sheriffs from holding any other civil office. The pleadings disclose no factual dispute.

On June 1, 1973 defendant Joseph F. Job, Sheriff of Bergen County, appointed defendant Peter F. Curcio ("defendant" hereinafter refers only to Curcio unless the context otherwise indicates) as undersheriff. On July 26, 1977 the Governor appointed defendant to be a member of the unsalaried Hackensack Mead-

owlands Commission, which position he currently holds.[1] Defendant has continued to act as an undersheriff and has accepted payment therefor.[2]

Following a hearing the trial judge entered summary judgment in favor of plaintiff, thereby upholding the latter's thesis that the statute bars undersheriffs to the same extent as it bars sheriffs from holding any other civil office. The judgment required defendant to "choose which civil office he elects to retain." Following defendant's appeal the Supreme Court stayed the judgment pending the determination of this appeal.

The trial judge's ruling was predicated essentially upon the concept that an undersheriff is the *alter ego* of the sheriff; that undersheriffs' duties are substantially the same as the duties of sheriffs. Consequently, by reason of his interpretation of said statute he held that the evil sought to be avoided thereby made it necessary to consider an undersheriff to be a sheriff within the meaning and intent of the legislative enactment.

We note at the outset that dual office-holding in our State is generally limited by either the common law, on the basis that the respective offices are incompatible with each other, "although neither the Constitution nor the statutes have provided against it," (*Clawson v. Thompson*, 20 *N.J.L.* 689 (Sup.Ct.1846); *Ahto v. Weaver*, 39 *N.J.* 418, 429 (1963); *Reilly v. Ozzard*, 33 *N.J.* 529 (1960); *DeFeo v. Smith*, 17 *N.J.* 183, 186 190 (1955)), or by positive mandate of our Constitution or statutes. *See DeFeo v. Smith*, 31 *N.J.Super.* 474 (Law Div.1954), rev, on other grds. *DeFeo v. Smith, supra.*

Consistent with his brief, at the time of oral argument plaintiff agreed that defendant's holding of the two civil offices was not in violation of common-law concepts of incompatibility.

---

[1] *N.J.S.A.* 13:17-5(b)(2).

[2] Stephen Cuccio was made a party to the action because he was the county official in charge of the county employee payroll.

Although the judge recognized that defendant advanced "a legitimate argument [in favor of his position] in view of the statutory history and in view of the statutes that have been subsequently enacted on Sheriff and Undersheriff," he nevertheless held that *N.J.S.A.* 40A:9 108 prohibited defendant from holding both offices, largely by reason of the holding of *Westcott v. Briant*, 78 *N.J.L.* 226 (Sup.Ct.1909). In that case the Supreme Court decided that the dual office-holding of undersheriff and chosen freeholder in the same county was not legally permissible under the prevailing statute (obviously a precursor of *N.J.S.A.* 40A:9 108), which declared:

> . . . "That no person shall exercise any other civil office during the time that he holds and exercises the office of a sheriff, and that by acceptance of the latter office, his commission for any other civil office shall be null and void." [78 *N.J.L.* at 227]

The court also said:

> The legislature has specifically provided that the office of sheriff and *any* other civil office are incompatible, and the sheriff cannot remove the inconsistency by appointing a person to do the very thing which the law prohibits him from doing. If this be not so, then the person holding the office of sheriff could, through his official *alter ego*, exercise the office of sheriff in contravention of the legislative policy concerning it. [78 *N.J.L.* at 228]

Although both the court in *Westcott* and plaintiff in his argument before us speak of "incompatibility" of the offices in the respective settings, we hasten to observe that neither the statute interpreted in *Westcott* nor the statute before us makes any declaration that any other civil office is "incompatible." These statutes simply prohibit a sheriff from holding any other civil office. The proscription in no way depends upon actual incompatibility.

We cannot agree with the *Westcott* court in its statement that the Legislature provided that "the office of sheriff and *any* other civil office are incompatible." Moreover the *Westcott*

court's interpretation of the statute was unnecessary to its decision and is regarded by us as *obiter dictum.*

*Westcott* should have been decided strictly on the basis that the two offices of undersheriff and chosen freeholder in the same county were incompatible as a matter of common law,[3] a ground which had been raised and apparently ignored by the court, 78 *N.J.L.* at 227. As already noted, common-law incompatibility is not present in the instant case.

We are not persuaded to follow the *Westcott* interpretation of the statute. Although at common law an undersheriff "may execute all the ministerial parts of the office [of sheriff]," 78 *N.J.L.* at 228, nonetheless he is not the sheriff. *See State v. Lombardo,* 20 *N.J.Super.* 317, 323 (App.Div.1952). There are substantial differences between the two offices, so as to make them clearly distinguishable. The office of sheriff is an elective office; that of undersheriff is appointive. The sheriff holds a constitutional office, *N.J.Const.* (1947), Art. VII, § II, par. 2; the undersheriff does not. The sheriff performs common-law duties, *Virtue v. Essex Freeholders,* 67 *N.J.L.* 139 (Sup.Ct.1901); the undersheriff's duties may be defined by his appointing sheriff. A sheriff may be removed from office only by impeachment proceedings, *N.J.Const.* (1947), Art. VII, § III, par. 1; *Shusted v. Coyle,* 139 *N.J.Super.* 314 (Law Div.1976); undersheriffs serve only at the pleasure of their appointing sheriffs, *N.J.S.A.* 40A:9 116.

▮ Plaintiff asserts in his brief that there is no way of knowing whether it was a mere appearance of impropriety which the Legislature wished to avoid by enacting this statute or if consideration of specific conflicting duties motivated the enactment. We find this to be so. We simply do not know what the Legislature intended, except that a sheriff should hold

---

[3]Compensation of undersheriffs was under the control of boards of chosen freeholders. *L.*1906, *c.* 53, § 4 at 78, as amended. This statute has since evolved as *N.J.S.A.* 40A:9–117. *See* also *DeFeo v. Smith, supra,* 17 *N.J.* at 189.

no other civil office. We cannot perceive how there could be any possible impropriety resulting from compatible dual office-holding. We recognize that the Legislature may, within constitutional limits, create a policy which, even unexplained, must be followed. But where there is no apparent reason to extend such a policy it should not be extended beyond the strict language in which it is expressed. In this light the *Westcott* ruling contravenes the judicial policy which decrees that statutory disqualifications for office "are to be strictly interpreted and applied in favor of eligibility." *Kobylarz v. Mercer*, 130 *N.J.L.* 44, 47 (E. & A.1943); 63 *Am.Jur.2d*, *Public Officers*, § 64 at 669. If a statute may be construed so as to avoid a disqualification for office (especially where it results from a gubernatorial appointment), it should be so construed, for the same reasons that a court should uphold constitutionality of a statute whenever reasonably possible. *State v Hudson Cty. News Co.*, 35 *N.J.* 284, 295 (1961).

We need not engage in a discussion of the wording of the statute construed in *Westcott* as compared to the wording in *N.J.S.A.* 40A:9 108. We are satisfied that the slight difference in the language is semantic only and insignificant insofar as the issue before us is concerned. Rather, we posit our decision upon our disagreement with the rationale of *Westcott*, especially in view of our inability to detect the slightest incompatibility between the two offices or any valid reason to extend the prohibition to undersheriffs. We add that when *Westcott* was decided our state population was considerably smaller and the number of authorities, bureaus and commissions had not proliferated to the number which exist today in the State as well as local governments. In sum, we conclude that *Westcott* constituted judicial legislation which unnecessarily broadened the scope of the operation of the subject statute far beyond the intention of the Legislature. *Cf. Keenan v. Essex Cty. Freeholder Bd.*, 101 *N.J.Super.* 495 (Law Div.1968), aff'd 106 *N.J.Super.* 312 (App.Div.1969).

Plaintiff also relies on *Ahto v. Weaver, supra,* wherein the issue was whether common-law incompatibility disqualified Weaver from holding the offices of mayor of the Township of North Bergen, Hudson County, and legal assistant to the county counsel of Hudson County. In holding under the circumstances in that case that there was no such incompatibility, Justice Hall, speaking for the majority of the court, said:

> Such an assistantship is certainly allowed by statute, *R.S.* 40:21 3.4  The incumbent has the inherent obligation to perform, under the direction and control of the chief, that part of the permanent general functions and special tasks constituting the continuous duties of the County Counsel which are delegated to him in the particular organizational setup. The size of the county and the consequent volume of legal work requires more than one lawyer to do it all. This is enough to meet any technical requisites. The situation in this respect is akin to that of the undersheriff, empowered to perform the duties of the sheriff, who was held in *Westcott v. Briant [supra]* to be within the absolute prohibition of a statute (now *R.S.* 40:41 20) declaring that "[n]o person shall exercise any other civil office during the time he holds and exercises the office of a sheriff." [39 *N.J.* at 430]

Beyond the technical fact of these comments being dicta and hence, strictly speaking, not binding on us, we would nonetheless be persuaded to this approach (as is our dissenting colleague) were we concerned here with even a marginal case of incompatibility, as was present in *Westcott.*  *Westcott,* it must be remembered, construed the present statute as declaring incompatible the offices of undersheriff and chosen freeholder *of the same county.*  Dual office-holding of the kind condemned in *N.J.S.A.* 40A:9 108 and in *Westcott,* and as approved in *Ahto v. Weaver,* is not the issue in this case. In this matter we are confronted with a claim that a statute proscribes defendant from holding two offices which the parties concede are not incompatible and

---

4This statute stated in pertinent part: "[T]he board of chosen freeholders may appoint or provide for the appointment of such officers, agents and employees as may be required for the execution of the powers conferred upon said board  .  .  .  ."

could not be so. In these circumstances we do not read *Ahto v. Weaver* to be binding upon us.

The following portion of the opinion in *Ahto v. Weaver* supports the view favoring eligibility where practically possible:

> .   .   Plaintiff urges that the County Counsel himself would therefore hold incompatible positions if he were also a member of the governing body of one of the county's municipalities and that one of his assistants, similarly situated, should likewise be subject to the rule.   We are not called upon, however, to decide the case of the County Counsel and Mr. Weaver's situation may properly be determined by other considerations.   By reason of the number of lawyers on his staff, the County Counsel may make certain, through the assignment of tasks, that Mr. Weaver will not be called upon to act in any matter in which his municipality is directly or may be indirectly affected. According to the record this is the actual practice and it is, of course, required as well by the Canons of ethics.   Whether it is desirable or wise to have an assistant law officer who is precluded from performing all functions or serving in all matters is not a question within the judicial sphere.   But we do feel compelled to say that, since there are other members of the staff who are available to handle tasks which Mr. Weaver cannot, it is not requisite that he be barred from holding office as a member of the governing body of North Bergen. Under these particular facts, the public interest in the avoidance of conflict of duties is adequately assured of protection.   [39 *N.J.* at 432]

We have considered all other contentions of the parties and find them either unpersuasive or unnecessary to discuss in view of our conclusion that, for the foregoing reasons, the judgment under review is Reversed.

ALLCORN, P. J. A. D. (dissenting).

Our Supreme Court in *Ahto v. Weaver*, 39 *N.J.* 418, 430 (1963), explicitly approved the determination in *Westcott v. Briant*, 78 *N.J.L.* 226 (Sup.Ct.1909), which latter case concerned the identical issue with which we are here faced.

In such circumstances it is my feeling that despite the fact that the approval of *Westcott* in *Ahto* is dictum, this court is

constrained to follow such approval. See, also, *N.J.S.A.* 40A:9 114. The interpretation of the statute with which we are here involved may not properly be rested upon the existence or nonexistence of the common law incompatibility of the two positions; were it otherwise, the statute would be no more than a superfluous legislative declaration.

For these reasons, I would affirm the judgment below.