RUSSELL, Judge.
This is an appeal from a summary judgment.
This action was commenced by Ann Roberts and her minor daughter, Jennifer (appellant), against Sheriff Thomas Purvis (sheriff), alleging that the sheriff, acting by and through his agents, wrongfully seized goods and property belonging to the appellant.
Pursuant to a writ of possession issued by the Circuit Court of Mobile County, the sheriff ordered that all goods and property be removed from the home of the appellant’s parents. As a result of executing this writ, several items of the appellant’s personal property are presently unaccounted for, which led to her filing of an action against the sheriff in his official capacity.
Subsequently, the sheriff moved for, and was granted, summary judgment. This appeal followed. We affirm. .
Initially, we note that summary judgment is proper only when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). Furthermore, in reviewing a trial court’s grant of summary judgment, this court must apply the same standard as utilized by the court below. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).
The appellant asserts that the trial court erred in granting the sheriff summary judgment on the ground that he was immune from such actions by operation of article I, § 14, of the Alabama Constitution. That section provides a sheriff immunity in the execution of the duties of his office due to his status as an executive officer of the state. Furthermore, this immunity from suit applies to actions wherein a sheriff is sought to be held liable under the doctrine of respondeat superior for the tortious acts of his employees. Parker v. Amerson, 519 So.2d 442 (Ala.1987).
Such immunity is not applicable, however, when an action is brought (1) to *262 compel him to perform his duties; (2) to compel him to perform ministerial acts; (3) to enjoin him from enforcing unconstitutional laws; (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law; or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party. Parker, 519 So.2d 442.
It is the appellant’s contention that, in this instance, the sheriff was acting in bad faith, fraudulently, beyond his authority, or under a mistaken interpretation of the law. However, the appellant’s complaint did not allege the application of any of the above exclusions to the constitutional grant of immunity afforded the sheriff. Rather, it stated that the action was being filed against him in his official capacity.
Consequently, the sheriff is absolutely immune from liability; therefore, summary judgment was proper. See, e.g., Rutledge v. Baldwin County Commission, 495 So.2d 49 (Ala.1986). This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.