Lewis E. Boshell sued Joe Robertson in his official capacity as the sheriff of Walker County, seeking damages for, among other things, assault and false arrest. Boshell alleged in his complaint that he had been assaulted and falsely arrested by one of Robertson's deputies, and he sought to predicate liability on Robertson based on the alleged misconduct of the deputy. The trial court dismissed the complaint and Boshell appealed.[1] We affirm.
In Parker v. Amerson, 519 So.2d 442 (Ala. 1987), this Court held that a sheriff, as an executive officer of the State of Alabama, is immune, under Article I, § 14, of the Alabama Constitution, from suit based on state law claims arising out of the execution of the duties of his office, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under a mistaken interpretation of the law, or (5) under the Declaratory Judgment Act to seek construction of a statute if he is a necessary party for the construction of the statute. Boshell's claims against Robertson do not fall within any of these exceptions; consequently, he failed to state a claim against Robertson for which any relief can be granted.[2]
AFFIRMED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
MADDOX, J., concurs in the result.
[1] The trial court stated that it was entering a summary judgment for Robertson; however, our review of the record, which basically consists of Boshell's complaint, Robertson's motion for a summary judgment, and the trial court's order, persuades us that we should treat this case as one involving the dismissal of Boshell's complaint under Rule 12(b)(6), A.R.Civ.P., for failure to state a claim upon which relief can be granted.
[2] Although we do not construe Boshell's complaint as stating a claim for damages under 42 U.S.C. § 1983, we note that such a claim against a sheriff in his official capacity is barred by the Eleventh Amendment to the United States Constitution. SeeParker v. Amerson, 862 F.2d 1471 (11th Cir. 1989).