Otis Alexander sued Betty Hatfield, a deputy sheriff, individually and in her official capacity as a deputy sheriff, alleging negligent and/or bad faith service of process. The trial court entered a summary judgment in favor of Deputy Hatfield. Alexander appealed.
Alexander was the respondent in regard to a petition for a rule nisi filed in Autauga County, Alabama, by his ex-wife. Unable to serve Alexander at his residence in Autauga County, the Autauga sheriff referred the process to the Montgomery County Sheriffs Office for delivery to Alexander at his place of employment in Montgomery County, Rheem Manufacturing Company.
Deputy Hatfield, a sergeant with the Montgomery County Sheriffs Office, has been serving papers at Rheem for over 14 years. At Rheem's request, service of process was completed on employees by leaving the papers with the personnel manager, who would then serve the employee. Rheem followed this practice so that its employees would not lose production time or be embarrassed by having papers served on them while they were working.
Alexander denies receiving the papers at Rheem. He was arrested and was incarcerated for six days because he failed to appear at the rule nisi hearing. Alexander sued Deputy Hatfield for negligent and/or bad faith service of process.
We must first consider whether Deputy Hatfield, individually and in her official capacity, is immune from suit. If she is, then the judgment for her was proper.
A sheriff is an employee of the State and, as such, is immune from suit, in his official capacity, for negligent performance of his statutory duties. Parker v. Amerson, 519 So.2d 442
(Ala. 1987); see also Wright v. Bailey, 611 So.2d 300
(Ala. 1992). State officers and employees, in their official capacities and individually, also are absolutely immune from suit when the action is, in effect, one against the State.Phillips v. Thomas, 555 So.2d 81 (Ala. 1989).
Under Article I, § 14, of the Alabama Constitution of 1901, the only exceptions to the sovereign immunity of sheriffs are actions brought
 "(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute."
Parker v. Amerson, 519 So.2d 442, at 443 (Ala. 1987). *Page 1144 
We have also held that deputy sheriffs are immune from suit to the same extent as sheriffs. "In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff." Carr v. City of Florence,Alabama, 916 F.2d 1521, 1526 (11th Cir. 1990), quoted with approval in Drain v. Odom, 631 So.2d 971, 972 (Ala. 1994), andWright v. Bailey, 611 So.2d 300, 303 (Ala. 1992). "[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriffs own acts." Carr, at 1526, quoted with approval in Wright v. Bailey, at 303.
In this case, none of the exceptions set out in Parker v.Amerson applies. Deputy Hatfield was on duty when she left the papers at Alexander's place of employment. Therefore, the summary judgment in favor of Deputy Hatfield, individually and in her official capacity, was proper, based on the sovereign immunity granted under Article I, § 14, of the Alabama Constitution of 1901.
AFFIRMED.
MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.