Cindy Karrick and her husband Scott Karrick sued Big B Drugs, Inc. ("Big B"), Buy Wise Drugs ("Buy Wise"), and Madison County Deputy Sheriff Roger L. Johnson, alleging two counts of malicious prosecution and two counts of false imprisonment. The trial court entered an order dismissing all claims against Deputy Johnson and made that order final, pursuant to Rule 54(b), Ala.R.Civ.P. The Karricks appeal.
On November 22, 1991, Cindy Karrick, who had suffered an on-the-job injury when she struck her head on a metal bar, was treated at the Huntsville Hospital emergency room by Dr. Robert Platt. After examining Mrs. Karrick, Dr. Platt issued her a prescription for a pain medicine called Vicodin, which is a controlled substance containing Hydrocodone, a synthetic narcotic. The Karricks had the prescription filled that same day at a Buy Wise drug store by the attending pharmacist, William R. Carter, Jr.
Carter testified that after he had filled the prescription and the Karricks had left Buy Wise, he became suspicious of the number of refills that was denoted on the prescription and contacted Dr. Platt by telephone to verify whether he had ordered refills on Mrs. Karrick's prescription. Dr. Platt informed Carter that on the prescription he had not authorized any refills. Carter testified that based on Dr. Platt's response, he then telephoned Deputy Johnson and informed him that the Karricks had presented an altered prescription. Deputy Johnson instructed Carter to note on the drug store's computer that he was to be informed if the Karricks tried to refill the prescription.
On November 28, 1991, the Karricks attempted to get the prescription refilled at a Big B store. The pharmacist at Big B telephoned Buy Wise and was informed that Deputy Johnson was to be notified if the Karricks attempted to refill the prescription. In response, Big B contacted Deputy Johnson. When Mrs. Karrick received the refill from Big B, Deputy Johnson arrested her and Mr. Karrick. The Karricks were charged with violating Ala. Code 1975, § 13A-12-212, which provides:
 "(a) A person commits the crime of unlawful possession of controlled substance if:
". . . . *Page 79 
 "(2) He obtains by fraud, deceit, misrepresentation or subterfuge or by the alteration of a prescription or written order or by the concealment of a material fact or by the use of a false name or giving a false address, a controlled substance. . . ."
The court dismissed the criminal charges alleging violation of § 13A-12-212, based on the Karricks' allegedly obtaining drugs by presenting an altered prescription, and this lawsuit followed.
Deputy Johnson moved to dismiss the claim against him, asserting that he had absolute immunity from the Karricks' claim for malicious prosecution and that the false imprisonment claim was due to be dismissed because he made the arrest pursuant to a lawfully issued warrant.
Our first inquiry is whether Deputy Johnson is immune from suit. Recently, we addressed the issue of immunity inAlexander v. Hatfield, 652 So.2d 1142 (Ala. 1994). In Alexander, a deputy sheriff, Betty Hatfield, was sued individually and in her capacity as a deputy sheriff on claims of negligence and/or bad faith service of process. We upheld the summary judgment entered in favor of Hatfield, based on the sovereign immunity granted under Art. I, § 14, Alabama Constitution of 1901. Specifically, we stated:
 "A sheriff is an employee of the State and, as such, is immune from suit, in his official capacity, for negligent performance of his statutory duties. Parker v. Amerson, 519 So.2d 442
(Ala. 1987); see also Wright v. Bailey, 611 So.2d 300 (Ala. 1992). State officers and employees, in their official capacities and individually, also are absolutely immune from suit when the action is, in effect, one against the State. Phillips v. Thomas, 555 So.2d 81 (Ala. 1989).
 "Under Article I, § 14, of the Alabama Constitution of 1901, the only exceptions to the sovereign immunity of sheriffs are actions brought
 " '(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.'
 "Parker v. Amerson, 519 So.2d 442, at 443 (Ala. 1987).
 "We have also held that deputy sheriffs are immune from suit to the same extent as sheriffs. 'In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.' Carr v. City of Florence, Alabama, 916 F.2d 1521, 1526 (11th Cir. 1990), quoted with approval in Drain v. Odom, 631 So.2d 971, 972 (Ala. 1994), and Wright v. Bailey, 611 So.2d 300, 303 (Ala. 1992). '[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriff's own acts.' Carr, at 1526, quoted with approval in Wright v. Bailey, at 303."
Alexander v. Hatfield, 652 So.2d at 1144.
In this case, as in Alexander, none of the exceptions set forth in Parker v. Amerson, 519 So.2d 442 (Ala. 1987), applies. Therefore, the trial court properly dismissed the Karricks' claims against Deputy Johnson.
We further note, regarding the false imprisonment claim, that the Karricks were arrested under a valid warrant issued by a warrant magistrate of Madison County. If an arrest is made pursuant to a warrant issued by a lawfully authorized person, neither the arrest nor the subsequent imprisonment is considered "false." See Goodwin v. Barry Miller Chevrolet,Inc., 543 So.2d 1171 (Ala. 1989).
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and INGRAM, JJ., concur. *Page 80