689 So.2d 794 (1996)
Ex parte Thomas J. PURVIS.
Ex parte Allan SCOTT.
(Re Donna AKERS and Mark Hankins Akers v. MOBILE COUNTY, et al.).
1951352, 1951361.
Supreme Court of Alabama.
December 6, 1996.
Rehearing Denied February 21, 1997.
Wade B. Perry, Jr., and Tracy P. Turner of Johnstone, Adams, Bailey, Gordon & Harris, L.L.C., Mobile, for defendant/petitioner Allan Scott and for defendants Mobile County and Mobile County Sheriff's Office.
Roderick P. Stout and W. Perry Hall of Stout & Rossler, Mobile, for Thomas J. Purvis.
James A. Yance, David G. Wirtes, Jr., and Kelli D. Taylor of Cunningham, Bounds, Yance, Crowder & Brown, Mobile, for plaintiffs/respondents.
MADDOX, Justice.
There is but one legal question presented in these mandamus petitions filed by former Mobile County Sheriff Thomas J. Purvis and former Deputy Sheriff Allan Scott: Are they immune from liability in an action filed by a woman who was shot by a fugitive who had avoided capture?
The facts are not seriously disputed. On June 28, 1994, Jimmie Whitt shot and killed a Mississippi law enforcement officer. A BOLO ("be on the lookout") radio message was broadcast and was received by Alabama law enforcement officers in and around Mobile. *795 The BOLO message gave a Mobile address as the last known address of Whitt. At that time, Mobile County sheriff's deputy Allen Scott was responsible for serving civil process in and around Mobile. After hearing the BOLO, he approached the residence mentioned in the BOLO, under the pretense of serving process on Jimmie Whitt. Whitt met Scott at the door, but Scott did not try to arrest Whitt. Instead, Scott returned to his patrol car, ostensibly to maintain Whitt "in custody" and to report his contact to his dispatcher. Whitt later escaped from the house through the back door, hijacked a car, and fled from Mobile County into Baldwin County, where he shot and killed an enforcement officer of a state agency.
Whitt later went to Bay Minette, where he attacked Donna Akers while she sat in her automobile with her mother and daughter at a McDonald's restaurant drive-through line. Mrs. Akers was shot in the head and suffered severe permanent injuries. She sued Sheriff Purvis and Deputy Scott, claiming that both were responsible for implementing and enforcing appropriate policies and procedures for approaching, detaining, and apprehending dangerous fugitives; that they had failed to carry out their duties; and that their failure had proximately caused her injuries. Mrs. Akers's husband, Mark Hankins Akers also sued, alleging a loss of consortium.
In response to a motion to dismiss, the trial court entered an order on April 18, 1996, dismissing four counts of the first amended complaint, which sounded in negligence and wantonness. However, citing Spring Hill Lighting & Supply Co. v. Square D Co., 662 So.2d 1141 (Ala.1995), the court refused to dismiss counts five, six, seven, and eight, which allege willful conduct by Sheriff Purvis and Deputy Scott.[1]
Defendants Purvis and Scott both have petitioned for a writ of mandamus directing the trial court to grant their motions to dismiss the remaining counts of the plaintiffs' complaint. They argue in their petitions that they are entitled to sovereign immunity as to those counts. The plaintiffs have moved to dismiss Purvis and Scott's petitions, arguing that the trial court correctly held that sovereign immunity did not apply to the claims of willful conduct, and that mandamus is not the appropriate remedy for reviewing the trial court's ruling, citing this Court's decision in Ex parte Franklin County Department of Human Resources, 674 So.2d 1277 (Ala. 1996).
We first address the Akerses' claims that a mandamus petition is not the appropriate method for seeking review of the trial court's action. Purvis and Scott asked the trial court to give the certification required by Rule 5, Ala. R.App. P., that would have allowed them to pursue an interlocutory appeal of the order denying their motions to dismiss, but the court did not do so. However, on our initial review of the mandamus petitions we determined that they had sufficient merit to order the trial judge to file an answer and a brief, which he has done. We elect to review the merits of the petitions; we deny the respondents' motions to dismiss those petitions.
It is undisputed that Purvis and Scott were both acting within the line and scope of their employment when Whitt made his escape that led to the shooting of Mrs. Akers. Based on the record, we must conclude that Purvis and Scott have clearly shown that each of them is immune from suit under the provisions of Art. I, § 14, Alabama Constitution 1901.
Although we recognize that this Court, in Spring Hill Lighting did reaffirm the principle that "`a state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law,'" 662 So.2d at 1148, quoting Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989), none of the exceptions to sovereign immunity listed in Spring Hill Lighting applies here. In the first place, Spring Hill Lighting did not deal with claims against a sheriff and a deputy sheriff or other constitutional officer, but instead *796 dealt with "intentional wrongful conduct by persons involved in the bidding process," 662 So.2d at 1147, involving state employees in the State Docks Department who allegedly intentionally rigged bid specifications to favor products provided by one manufacturer over seemingly comparable products provided by other manufacturers, in violation of the competitive bid law. Although in the present case the plaintiffs allege that Sheriff Purvis and Deputy Scott intentionally failed to follow proper procedures for approaching, detaining, and apprehending dangerous fugitives, we cannot conclude that these defendants' claims of immunity must fail. Cf. Karrick v. Johnson, 659 So.2d 77, 79 (Ala. 1995) (upholding the defense as to claims for money damages, when interposed by a sheriff in a case involving allegations of malicious prosecution and false imprisonment against a deputy sheriff). In Karrick, this Court reiterated the limited circumstances in which a sheriff and a sheriff's deputy are amenable to suit, in light of Art. I, § 14, Alabama Constitution 1901. Also, see, Ex parte Franklin County Department of Human Resources, supra, which, addressing a claim for money damages against a state agency for "maliciously, willfully and/or wantonly and/or without probable cause" instituting a paternity action (674 So.2d at 1278), held such a claim to be barred under Art. I, § 14.
In Alexander v. Hatfield, 652 So.2d 1142 (Ala.1994), this Court held that a deputy sheriff is afforded the same immunity from suit as a sheriff in regard to claims for monetary damages stemming from activities performed while working in the line and scope of his or her employment.
Based on the foregoing, the petitions are due to be granted.
MOTIONS TO DISMISS PETITIONS DENIED; WRITS GRANTED.
HOOPER, C.J., and ALMON, SHORES, and COOK, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
"The wall of `government immunity' [i.e., sovereign immunity under Art. I, § 14, Constitution of Alabama of 1901] is almost invincible, made so by the people through their Constitution as interpreted by this Court."
Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20, 24, 256 So.2d 281, 284 (1971).
In Parker v. Amerson, 519 So.2d 442, 442-43 (Ala.1987), this Court specifically held:
"[U]nder Article I, § 14, Alabama Constitution of 1901, [the only exceptions to the sovereign immunity of a sheriff are actions] brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute."[2] *797 Accord, Karrick v. Johnson, 659 So.2d 77, 79 (Ala.1995); Alexander v. Hatfield, 652 So.2d 1142, 1143-44 (Ala.1994); Drain v. Odom, 631 So.2d 971, 972 (Ala.1994); King v. Colbert County, 620 So.2d 623, 626 (Ala.1993); Boshell v. Walker County Sheriff, 598 So.2d 843, 844 (Ala.1992); and Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala.1991).
In this case, the plaintiffs are not seeking injunctive relief or a declaration under the Declaratory Judgment Act. Rather, they are seeking money damages. Therefore, none of the exceptions to a sheriff's or deputy sheriff's sovereign immunity under Art. I, § 14, of the Constitution applies. Purvis and Scott are entitled to immunity from the claims presented against them.
Therefore, I concur to grant the petitions for the writ of mandamus.
NOTES
[1] The plaintiff also named Mobile County as a defendant, but the only claims asserted in the first amended complaint against Mobile County were contained in counts one through four; therefore, the trial court's order dismissed Mobile County.
[2] See, also, Caldwell v. Brogden, 678 So.2d 1148 (Ala.Civ.App.1996), and Tinney v. Shores, 77 F.3d 378, 383 (11th Cir.1996). In Tinney, the Eleventh Circuit, in reviewing a question of sovereign immunity with regard to sheriffs and deputy sheriffs, reached the following conclusions:

"Under Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state. [Citations omitted.] The district court noted, though, that Phillips [v. Thomas, 555 So.2d 81, 83 (Ala.1989),] and Gill v. Sewell, 356 So.2d 1196, 1198 (Ala.1978), identify a number of exceptions to Section 14 immunity. Specifically, the district court held that sovereign immunity does not protect state officials who act under a mistaken interpretation of law. Based on this exception, the district court found that Appellants were not entitled to sovereign immunity.
"Recent Alabama case law makes it clear, however, that the exception relied upon by the district court is inapplicable in this case. In Alexander v. Hatfield, 652 So.2d 1142, 1143 (Ala.1994), the plaintiff sued the sheriff for negligence and bad faith service of process. The Alabama Supreme Court explained that under Article I, § 14, the only exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct. Id. at 1143. [Citation omitted.] Because the sheriff in Alexander was being sued for damages and not injunctive relief, the court held that the exceptions to Section 14 were inapplicable and therefore the sheriff was immune from suit. Id.
"Like Alexander, Appellants in this case are being sued for damages, based upon claims of conversion and trespass, and not for injunctive relief. Therefore, Appellants are entitled to sovereign immunity from the state law claims."