"The wall of 'government immunity' [i.e., sovereign immunity under Art. I, § 14, Constitution of Alabama of 1901] is almost invincible, made so by the people through their Constitution as interpreted by this Court."
Hutchinson v. Board of Trustees of University of Alabama,288 Ala. 20, 24, 256 So.2d 281, 284 (1971).
In Parker v. Amerson, 519 So.2d 442, 442-43 (Ala. 1987), this Court specifically held:
 "[U]nder Article I, § 14, Alabama Constitution of 1901, [the only exceptions to the sovereign immunity of a sheriff are actions] brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute." [2] *Page 797 
Accord, Karrick v. Johnson, 659 So.2d 77, 79 (Ala. 1995);Alexander v. Hatfield, 652 So.2d 1142, 1143-44 (Ala. 1994);Drain v. Odom, 631 So.2d 971, 972 (Ala. 1994); King v. ColbertCounty, 620 So.2d 623, 626 (Ala. 1993); Boshell v. Walker CountySheriff, 598 So.2d 843, 844 (Ala. 1992); and Hereford v.Jefferson County, 586 So.2d 209, 210 (Ala. 1991).
In this case, the plaintiffs are not seeking injunctive relief or a declaration under the Declaratory Judgment Act. Rather, they are seeking money damages. Therefore, none of the exceptions to a sheriff's or deputy sheriff's sovereign immunity under Art. I, § 14, of the Constitution applies. Purvis and Scott are entitled to immunity from the claims presented against them.
Therefore, I concur to grant the petitions for the writ of mandamus.
[2] See, also, Caldwell v. Brogden, 678 So.2d 1148
(Ala.Civ.App. 1996), and Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1996). In Tinney, the Eleventh Circuit, in reviewing a question of sovereign immunity with regard to sheriffs and deputy sheriffs, reached the following conclusions:
 "Under Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state. [Citations omitted.] The district court noted, though, that Phillips [v. Thomas, 555 So.2d 81, 83 (Ala. 1989),] and Gill v. Sewell, 356 So.2d 1196, 1198 (Ala. 1978), identify a number of exceptions to Section 14 immunity. Specifically, the district court held that sovereign immunity does not protect state officials who act under a mistaken interpretation of law. Based on this exception, the district court found that Appellants were not entitled to sovereign immunity.
 "Recent Alabama case law makes it clear, however, that the exception relied upon by the district court is inapplicable in this case. In Alexander v. Hatfield, 652 So.2d 1142, 1143
(Ala. 1994), the plaintiff sued the sheriff for negligence and bad faith service of process. The Alabama Supreme Court explained that under Article I, § 14, the only exceptions to a sheriffs immunity from suit are actions brought to enjoin
the sheriff's conduct. Id. at 1143. [Citation omitted.] Because the sheriff in Alexander was being sued for damages and not injunctive relief, the court held that the exceptions to Section 14 were inapplicable and therefore the sheriff was immune from suit. Id.
 "Like Alexander, Appellants in this case are being sued for damages, based upon claims of conversion and trespass, and not for injunctive relief. Therefore, Appellants are entitled to sovereign immunity from the state law claims."