859 So.2d 425 (2003)
Ex parte Jim WOODWARD, individually and in his capacity as sheriff of Jefferson County.
(In re Jim Roberson et al. v. Jim Woodward, individually and in his capacity as sheriff of Jefferson County).
1010187.
Supreme Court of Alabama.
March 21, 2003.
Albert L. Jordan, Algert S. Agricola, Jr., and Michael L. Jackson of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, for petitioner.
William M. Dawson, Birmingham, for respondent Jim Roberson.
Jon B. Terry of Bains & Terry, Bessemer, for respondent Allen Farley.
Charlie D. Waldrep and William K. Bradford of Gorham & Waldrep, P.C., Birmingham, for respondent Personnel Board of Jefferson County.
PER CURIAM.
In 1998, Jim Woodward and Mike Hale were competing candidates for the office of sheriff of Jefferson County. After the election, Mike Hale was installed as the sheriff; after an election contest, this Court held that Woodward was the rightful winner in that election. See Eubanks v. Hale, 752 So.2d 1113 (Ala.1999).
After Woodward was sworn into office, he terminated Allen Farley and demoted Jim Roberson, both of whom were Jefferson County deputy sheriffs. Woodward stated that he terminated Farley because Farley had pursued an indictment against *426 him, and that he demoted Roberson because he could not trust him. Farley and Roberson sued Woodward and the Jefferson County Personnel Board ("the personnel board") for wrongful termination and sought reinstatement.[1] Farley and Roberson moved for a preliminary injunction against Woodward, and the trial court granted their motion. This Court reversed, holding that Farley and Roberson had not "demonstrate[d] an immediate and irreparable injury for which their remedy at law would be inadequate." See Woodward v. Roberson, 789 So.2d 853, 856 (Ala. 2001). This Court specifically declined to rule on the issue of monetary damages or on Woodward's immunity defense. Id. at 856.
In April 2001, Woodward moved for a partial summary judgment, seeking a dismissal of the claims "to the extent they sought damage relief against him in his individual capacity." (Woodward's Brief at 12.) The trial court denied his motion. Woodward petitions this Court for the writ of mandamus to direct the trial court to dismiss the claims asserted against him in his individual capacity. Woodward argues (1) that the personnel board lacked authority to control a sheriff's employment decisions with respect to deputies; (2) that he is immune from suit based on State-agent immunity; and (3) that he is immune from suit on Roberson's and Farley's § 42 U.S.C. 1983 claims.
"While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion grounded on a claim of immunity is reviewable by petition for writ of mandamus." Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000); see Ex parte Purvis, 689 So.2d 794 (Ala.1996). Therefore, the petition for the writ of mandamus filed by Woodward is appropriate in this case.
Mandamus is an extraordinary remedy requiring a showing that there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991).
Woodward argues that as sheriff of Jefferson County he is immune from suit pursuant to Art. I, § 14,[2] and Art. V, § 112,[3] Ala. Const.1901; in the alternative, he argues that he is immune from suit because his decisions to fire Farley and to demote Roberson were "managerial." Ex parte Butts, 775 So.2d 173 (Ala.2000). Woodward also argues that he is absolutely immune, in his individual capacity, from liability for actions taken in his position as sheriff. Ex parte Purvis, 689 So.2d 794, 796 (Ala.1996). In Purvis, a fugitive who had been in the custody of a Mobile County deputy sheriff escaped. Before the fugitive was captured, he shot and wounded Donna Akers. Akers sued the sheriff of Mobile County and the deputy sheriff who had allowed the fugitive to escape. The *427 trial court refused to dismiss Akers's claims alleging willful conduct by the sheriff and the deputy sheriff. In response, the sheriff and deputy sheriff petitioned this Court for a writ of mandamus. This Court granted the mandamus petition, holding that the sheriff and the deputy, acting within the line and scope of their employment, were immune from liability. Id. at 795 (distinguishing Spring Hill Lighting & Supply Co. v. Square D Co., 662 So.2d 1141, 1148 (Ala.1995)).
In the underlying action here, Roberson and Farley seek to recover from Woodward back pay; costs of litigation, including reasonable attorney fees; and appropriate monetary damages, both compensatory and punitive. To the extent that Roberson and Farley, and the personnel board, seek monetary damages against Woodward, individually, we grant Woodward's petition for the writ of mandamus directing the trial court to dismiss the claims against him in his individual capacity.[4]Parker v. Amerson, 519 So.2d 442 (Ala.1987); Alexander v. Hatfield, 652 So.2d 1142 (Ala.1994); Ex parte Purvis, supra; and Ex parte Cranman, 792 So.2d 392, 396 n. 2 (Ala.2000).
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, LYONS, HARWOOD, and STUART, JJ., concur.
JOHNSTONE, J., concurs in part.
JOHNSTONE, Justice, concurring in part.
I concur in note 4 of the main opinion. I express no opinion on any other aspect of the main opinion and no opinion on the judgment.
NOTES
[1] Woodward moved that the personnel board be realigned as a plaintiff, because the personnel board's position was the same as Farley's and Roberson's. The trial court granted Woodward's motion.
[2] Section 14 provides:

"That the State of Alabama shall never be made a defendant in any court of law or equity."
[3] Section 112 provides:

"The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county."
[4] Not before the Court on this petition for the writ of mandamus are any claims by Roberson, Farley, and the personnel board seeking (1) to compel Woodward to perform his duties; (2) to compel Woodward to perform ministerial acts; (3) to enjoy Woodward from enforcing unconstitutional laws; (4) to enjoin Woodward from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law; or (5) to seek construction of a statute under the Declaratory Judgment Act, § 6-6-220 et seq., Ala.Code 1975, if Woodward is a necessary party for the construction of the statute. Parker v. Amerson, 519 So.2d 442, 442-43 (Ala. 1987).

We note that the trial court may choose to reinstate Roberson and Farley with back pay; our opinion today merely stands for the proposition that Roberson and Farley may not obtain back pay or any other monetary damages from Woodward in his individual capacity.