The plaintiff, Diane Caldwell, appeals from a summary judgment entered in favor of the defendants, Howard Brogden, Wayne Watts, and Chris Curry. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We affirm.
The record reflects the following facts. In 1985, a "Diane Frederick Caldwell" was indicted for issuing a worthless check to a Wal-Mart store, and a warrant was issued for her arrest. In October 1991, Brogden, a Shelby County deputy sheriff, went to the plaintiff Diane Caldwell's residence with the intention of arresting her. The description on the arrest warrant did not match Caldwell's description, and she told Brogden that she was not the person he was seeking. He did not arrest her. Caldwell stated that, by telephone, she complained about the attempted arrest. She said she complained to Curry, another Shelby County deputy sheriff who apparently was one of Brogden's superiors.
In January 1992, the plaintiff Caldwell was indicted for issuing a worthless check to a Kmart store, and a warrant was issued for her arrest. In July 1992, the Pelham Police Department arrested her pursuant to that warrant. While she was in custody, a computer check revealed the outstanding Wal-Mart arrest warrant, and Brogden was notified. When Brogden arrived at the Pelham Police Department, Caldwell again told him that she was not the person described in his arrest warrant. Nevertheless, Brogden compared the checks attached to both criminal complaints and determined that the handwriting was similar. He called in an investigator trained in handwriting analysis, who concluded that the checks had been written by the same person. Brogden determined that there was sufficient probable cause to arrest Caldwell, and he took her into custody. She was released on bond after approximately two days in jail.
Caldwell claims that, while incarcerated, she repeatedly told Watts, also a Shelby County deputy sheriff, that she needed to see a doctor. She said she was suffering from upper back pain, knee pain, and leg pain as the result of a motorcycle accident. Caldwell says that Watts told her he would allow her to see a doctor, but never did so. Watts says that he does not remember speaking to Caldwell.
In September 1992, Caldwell failed to appear at a scheduled court hearing. Her bonding company arrested her and returned her to jail in October 1992. None of the deputies was involved with this arrest.
Caldwell sued the Wal-Mart corporation, the Kmart corporation, Shelby County, and the Shelby County Sheriff's Department. She later amended her complaint to add the three deputy sheriffs and her bonding company as defendants. She sued the deputies in both their official and individual capacities. Caldwell alleged false arrest, false imprisonment, malicious prosecution, and sought a recovery under 42 U.S.C. § 1983 for an alleged violation of her civil rights. She amended her complaint again to allege legal malpractice claims against two attorneys who had previously represented her and against those attorneys' law firm.
The deputy sheriffs filed a motion for summary judgment. The trial court entered a judgment in their favor, and certified that judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P. Caldwell contends that the trial court erred in entering the summary judgment, claiming she had shown the existence of genuine issues of material fact. The deputies contend that the summary judgment was proper because, they say, they are immune from suit.
We first address the question of the deputies' immunity from Caldwell's state law claims. Our supreme court discussed a deputy sheriff's immunity from suit in Alexander v. Hatfield,652 So.2d 1142 (Ala. 1994):
 "A sheriff is an employee of the State and, as such, is immune from suit, in his official capacity, for negligent performance of his statutory duties. Parker v. Amerson, 519 So.2d 442
(Ala. 1987); see also Wright v. Bailey, 611 So.2d 300 (Ala. 1992). State officers and employees, in their official capacities and individually, also are absolutely immune from suit when the action is, in effect, one against the State. *Page 1151 Phillips v. Thomas, 555 So.2d 81 (Ala. 1989).
 "Under Article I, § 14, of the Alabama Constitution of 1901, the only exceptions to the sovereign immunity of sheriffs are actions brought
 " '(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.'
 "Parker v. Amerson, 519 So.2d 442, at 443 (Ala. 1987).
 "We have also held that deputy sheriffs are immune from suit to the same extent as sheriffs. 'In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.' Carr v. City of Florence, Alabama, 916 F.2d 1521, 1526 (11th Cir. 1990), quoted with approval in Drain v. Odom, 631 So.2d 971, 972 (Ala. 1994), and Wright v. Bailey, 611 So.2d 300, 303 (Ala. 1992). '[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriff's own acts.' Carr, at 1526, quoted with approval in Wright v. Bailey, at 303."
652 So.2d at 1143-44.
In this case, as in Alexander, none of the exceptions set forth in Parker v. Amerson applies; therefore, the deputies cannot be liable on Caldwell's state law claims. See alsoParker v. Williams, 862 F.2d 1471 (11th Cir. 1989); Karrick v.Johnson, 659 So.2d 77 (Ala. 1995).
We now address the question of the deputies' immunity from Caldwell's § 1983 claims. Generally, a wrongful act by an official acting in his or her official capacity imposes liability on the entity that official represents. Parker v.Williams, 862 F.2d at 1475. In Alabama, a sheriff is a state, rather than a county, official. Id. The Eleventh Amendment to the United States Constitution insulates a state from being sued in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity. Id. In Parker v.Williams, the United States Court of Appeals for the Eleventh Circuit held that the Eleventh Amendment barred a § 1983 lawsuit against an Alabama sheriff in his official capacity. InCarr v. City of Florence, 916 F.2d 1521 (11th Cir. 1990), the Eleventh Circuit further determined that "the sheriff'seleventh amendment immunity also extends to deputy sheriffs because of their traditional function under Alabama law as the sheriff's alter ego." 916 F.2d at 1527.
Caldwell also sued the deputies in their individual capacities, however. Although they are not entitled to assert the absolute immunity of the Eleventh Amendment as a defense to actions against them individually, they may be entitled to qualified immunity. Qualified immunity is available to a defendant who is being sued personally for actions that he took while acting under color of state law. Harlow v. Fitzgerald,457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), In Harlow, the Supreme Court stated that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818,102 S.Ct. at 2738. A qualified immunity inquiry involves two questions: first, whether the defendants were acting within the scope of their discretionary authority, and second, whether their actions violated clearly established law. Sims v.Metropolitan Dade County, 972 F.2d 1230 (11th Cir. 1992). Liability does not attach to a government agent unless his "act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing." Lassiter v.Alabama A M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994). There is no question that the deputies were acting within their discretionary *Page 1152 
authority as law enforcement officials. The burden then shifted to Caldwell to prove that they violated clearly established law, a burden that she failed to meet. Consequently, the deputies are entitled to immunity from Caldwell's § 1983 claims against them in both their official and individual capacities. See also Roden v. Wright, 646 So.2d 605 (Ala. 1994).
As to the allegations of deliberate indifference to medical needs, we note that Caldwell offered no evidence in support of those allegations, so those allegations would fail in any event.
Because the deputy sheriffs clearly are entitled to immunity, the trial court's judgment is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.